UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CANDIDO TEPOX MUNIVE, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>-against-<br><br>FURNITURE DIRECT OUTLET INC., RAMI ALQURAN,<br><br>          Defendants. | 19cv09576 (PGG) (DF)<br><br>**SCHEDULING ORDER FOR A DAMAGES INQUEST** |

**DEBRA FREEMAN, United States Magistrate Judge:**

  On June 17, 2021, the Honorable Paul G. Gardephe, U.S.D.J., referred this case to this Court for the purpose of conducting an inquest, with respect to the amount of damages that should be awarded to plaintiff Candido Tepox Munive ("Plaintiff") upon the default of defendants Furniture Direct Outlet Inc. ("Furniture Direct") and Rami Alquran ("Alquran") (collectively, "Defendants"). (*See* Dkt. 51.) Upon review of the Docket in this action, this Court recognizes that, in connection with his motion for a default judgment, Plaintiff previously submitted a calculation of his claimed damages. (*See* Dkt. 45-7.) Without evidentiary support, however, this calculation is insufficient to justify an award of the damages sought. Accordingly, it is hereby ORDERED that:

  1. No later than October 29, 2021, Plaintiff shall serve on Defendants and file Proposed Findings of Fact and Conclusions of Law concerning damages ("Proposed Findings"). Plaintiff shall include, with such service, a copy of this Order.

  2. Plaintiff's Proposed Findings should specifically tie the proposed damages figures to the legal claims on which liability has now been established; should demonstrate how Plaintiff has arrived at the proposed damages figures; *and should be supported by a sworn affidavit, or a*

*declaration under penalty of perjury*, that attaches as exhibits, and contains an explanation of, any documentary evidence that helps establish the proposed damages.

3. Further, to the extent that Plaintiff seeks attorneys' fees and litigation costs, Plaintiff's submission should:

   a. provide copies of Plaintiff's attorneys' contemporaneous time records, so that this Court may assess whether the requested fees are reasonable, *see New York Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983);

   b. address the reasonableness of the hourly rates of the attorneys working on the matter and their support staff, *see Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008); and

   c. provide copies of invoices or other documentation substantiating the amount of costs that have been incurred.

4. Defendants shall submit a response, if any, to Plaintiff's submission no later than November 30, 2021. Defendant Furniture Direct is cautioned, however, that, as a corporate entity, it may not appear in this Court without an attorney, and therefore any response that it seeks to file, including any request for a hearing on damages, *must be made through an attorney* for that response to be considered by the Court.

5. IF DEFENDANTS FAIL TO RESPOND TO PLAINTIFF'S SUBMISSIONS BY NOVEMBER 30, 2021, THEN THIS COURT WILL PROCEED TO ISSUE A REPORT AND RECOMMENDATION CONCERNING DAMAGES ON THE BASIS OF PLAINTIFF'S WRITTEN SUBMISSION ALONE. FURTHER, THIS COURT WILL NOT HOLD A HEARING ON DAMAGES, UNLESS THE DEFENDANTS REQUEST A HEARING, IN WRITING, BY NOVEMBER 30, 2021. *See Action S.A. v. Marc Rich & Co.,* 951 F.2d 504, 508

(2d Cir. 1991) (Fed. R. Civ. P. 55(b)(2) "allows but does not require . . . a hearing"); *Fustok v. ContiCommodity Servs. Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) ("[I]t [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.").

Dated: New York, New York
      September 29, 2021

                                            SO ORDERED

                                            DEBRA FREEMAN
                                            United States District Judge

Copies to:

Plaintiffs' counsel (via ECF)