UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CANDIDO TEPOX MUNIVE, individually
and on behalf of all others similarly situated,

Plaintiffs,

– against –

FURNITURE DIRECT OUTLET INC., and
RAMI ALQURAN, as an individual

Defendants.

**ORDER**

19 Civ. 9576 (PGG) (VF)

---

PAUL G. GARDEPHE, U.S.D.J.:

In this action, Plaintiff Candido Tepox Munive brings claims against Defendants Furniture Direct Outlet Inc. and its owner, Rami Alquran, for violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). (Cmplt. (Dkt. No. 1)) Plaintiff seeks to recover, <u>inter alia</u>, unpaid overtime wages, liquidated damages, and damages for failure to provide wage notices and statements. (<u>Id.</u> ¶¶ 38-54)

On June 17, 2021, this Court entered an order of default against Defendants, and referred the case to the assigned magistrate judge for purposes of conducting an inquest as to damages. (Dkt. No. 52) Magistrate Judge Valerie Figueredo has issued a Report and Recommendation ("R&R") regarding the appropriate amount of damages. (Dkt. No. 58)

## BACKGROUND

The Clerk of Court issued a certificate of default as to both Defendants on May 4, 2021. (Cert. of Default (Dkt. Nos. 42, 43)) On May 26, 2021, this Court directed Defendants to show cause by June 17, 2021, why a default judgment should not be entered against them. (Dkt.

No. 48)  Defendants did not respond to the show cause order, and did not appear for the June 17, 2021 hearing.  (Order of Default (Dkt. No. 52) at 1)

After the June 17, 2021 hearing, this Court entered an order of default against both Defendants, and referred this case to the then-assigned magistrate judge, the Hon. Debra Freeman, for an inquest on damages.  (Order of Default (Dkt. No. 52) at 2)

In a September 29, 2021 order, Judge Freeman directed Plaintiff to submit proposed findings of fact and conclusions of law, and supporting documents, by October 29, 2021.  (Dkt. No. 53)  On October 29, 2021, Plaintiffs filed an inquest memorandum and supporting declarations.  (Dkt. No. 54)

On April 30, 2022, this action was redesignated to Magistrate Judge Figueredo. (Dkt. Sheet at Apr. 30, 2022)

On November 2, 2022, Judge Figueredo directed Plaintiff to submit additional information regarding Plaintiff's request for an award of attorneys' fees and costs.  (Dkt. No. 56) In a November 18, 2022 letter, Plaintiff's counsel states that Plaintiff is no longer seeking an award of attorneys' fees and litigation costs.  (Dkt. No. 57)

On March 2, 2023, Judge Figueredo issued a report and recommendation ("R&R") recommending that Plaintiff be awarded $406,434 in damages.  (R&R (Dkt. No. 58) at 19)  This amount is comprised of $198,217 in overtime damages; $198,217 in liquidated damages; and $10,000 in statutory damages for failure to provide wage notices and statements. (Id. at 14-15, 16-17)

As to pre-judgment interest, Judge Figueredo concludes that "[t]he midpoint of a plaintiff's employment is a reasonable intermediate date for purposes of calculating prejudgment interest."  (Id. at 17 (citing Gamero v. Koodo Sushi Corp., 272 F. Supp. 3d 481, 498, 505, 515

(S.D.N.Y. 2017), aff'd, 752 F. App'x 33 (2d Cir. 2018))  Judge Figueredo explains that "Munive's employment ended in June or July of 2019, although [he] does not provide an exact date," and "the six-year limitations period under the NYLL extends back only to October 16, 2013." (Id. at 17)  Using June 1, 2018 as Munive's end-date, the "approximate midpoint date between those two limits for calculating prejudgment interest is August 8, 2016." (Id. at 18)  Accordingly, Judge Figueredo recommends an award of pre-judgment interest "at the statutory rate of 9% a year . . . on the amount of $198,217" – the amount of Munive's compensatory damages – "from August 8, 2016, to the date judgment is entered." (Id. at 17-18)

Judge Figueredo further recommends that this Court award Plaintiff "post-judgment interest, to be calculated from the date the Clerk of Court enters judgment in this action until the date of payment, using the federal rate set forth in 28 U.S.C. § 1961." (Id. at 18)

Plaintiff served copies of the R&R on Defendants on March 7, 2023. (Dkt. No. 59)  The R&R makes clear that "the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections," and that "[i]f a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal." (R&R (Dkt. No. 57) at 20)

No party has filed objections to the R&R.

## **STANDARD OF REVIEW**

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Where no objections are filed in response to a magistrate judge's report and recommendation, "a district court need only satisfy itself that there is no 'clear error on the face of the record' in order to accept the recommendation." Austin v.

3

Lynch, 10 Civ. 7534 (JPO) (GWG), 2011 WL 6399622, at *1 (S.D.N.Y. Dec. 20, 2011) (citing Fed. R. Civ. P. 72(b) advisory committee note). Moreover, the Second Circuit has made clear that a "party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

## DISCUSSION

Here, the R&R recites the appropriate deadlines for submission of objections and the consequences for failing to do so:

> Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. See also Fed. R. Civ. P. 6(a), 6(b), 6(d). A party may respond to any objections within 14 days after being served. Any objections and responses shall be filed with the Clerk of the Court. Any request for an extension of time to file objections or responses must be directed to the Honorable Paul G. Gardephe. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a), 6(b), 6(d); Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

(Id. at 20) Despite clear warning that a failure to file objections would result in a waiver of judicial review, no party has filed objections to the R&R.

Because no party has filed objections to Judge Figueredo's R&R, the parties have waived judicial review. This Court has, however, reviewed Judge Figueredo's twenty-page R&R and finds it to be thorough and well-reasoned. Upon review of the calculations, this Court

4

modifies the amount of the overtime damages – and the liquidated damages – to $198,217.39, bringing the total to $406,434.78. As such, pre-judgment interest should be calculated based on $198,217.39. Judge Figueredo's R&R is otherwise adopted in its entirety.

## CONCLUSION

The R&R is adopted as set forth above, and Plaintiff is awarded $406,434.78 in damages. As set out in the R&R, post-judgment interest will be calculated from the date the Clerk of Court enters judgment in this action until the date of payment, using the federal rate set forth in 28 U.S.C. § 1961. (R&R (Dkt. No. 58) at 18) Pre-judgment interest will be set at the statutory rate of 9% a year on the amount of $198,217.39 from August 8, 2016, to the date judgment is entered.

The Clerk of Court is directed to enter judgment, and to close this case.

Dated: New York, New York
      May 22, 2024

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

5